T.C. Summary Opinion 2015-34

UNITED STATES TAX COURT

FLETCHER H. HYLER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11078-13S.                     Filed May 11, 2015.

Fletcher H. Hyler, pro se.

<u>Sarah E. Sexton</u>, for respondent.

SUMMARY OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to

the provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]Unless otherwise indicated, subsequent section references are to the

(continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $18,160 in petitioner's 2010 Federal Income tax and an accuracy-related penalty under section 6662(a) of $3,632. After concessions by petitioner[2] the only issue in dispute is a new issue that he raised as to whether he is entitled to a claimed casualty loss deduction for destruction of personal property in a fire.

Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulations of fact and the accompanying exhibits.

Petitioner resided in California when the petition was filed. Before 2012 petitioner and his wife resided in a single-family, three-bedroom house in Woodside, California. Petitioner and his wife were tenants and paid monthly rent. On June 2, 2012, while petitioner and his wife were away visiting friends, a fire

[1](...continued)
Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]At the commencement of trial petitioner conceded all the adjustments in the notice of deficiency.

destroyed the house and its contents. The Woodside Fire Protection District reported that the fire likely started in the kitchen but did not state a specific cause. Petitioner believes that the fire may have started because of rodents and/or faulty electrical wiring. Immediately after the fire petitioner and his wife stayed at a motel, but they later moved into another rental property. Petitioner's personal property was insured through a policy with State Farm Insurance Co. The insurance policy's limit on recovery was $60,000. Petitioner and his wife received a $60,000 payment from the insurance company a few weeks after the fire.

Before 2010 petitioner worked as a self-employed consultant, creating and consulting in marketing processes. Petitioner also taught a marketing course at Stanford University. In approximately 2004 petitioner declared bankruptcy as a result of a downturn in the economy. Petitioner received a discharge in bankruptcy a few years later. In March 2006 Piers N.P. Mackenzie, an appraiser and auctioneer, prepared an appraisal report authorized by the bankruptcy trustee. The report reflected a total value for artwork of $28,320 and furniture and decorative arts of $71,060, totaling $99,380. Petitioner presented other documents

to respondent in which petitioner valued artwork, furnishings, and other personal property at approximately $2 million.[3]

After the fire petitioner and his wife made a claim against the landlord's insurance company. The claim was denied, and at some point petitioner and his wife filed a lawsuit with the Superior Court of California, County of San Mateo. In 2014 the case against the landlord was set for trial. In February 2015 petitioner indicated that meetings had been scheduled for the purpose of conducting mediation of the claim against the landlord and the landlord's insurer.

Petitioner filed a married filing separate tax return for the taxable year 2010. As indicated earlier, petitioner has conceded all the adjustments set forth in respondent's notice of deficiency. Petitioner submitted to respondent a Form 1040X, Amended U.S. Individual Income Tax Return, for 2010. The return reflects a signature and date of April 10, 2012. Also part of the record is a copy of petitioner's Form 1040, U.S. Individual Income Tax Return, for 2012 reflecting a signature and date of October 8, 2013. Petitioner claimed a casualty loss of

---

[3]There is some discussion in the record about ownership of the personal property. Petitioner asserted that under California community property law one-half of the personal property was owned by his wife. Given our conclusions infra, we need not make any findings with respect to ownership of the personal property as between petitioner and his wife.

$1,164,547 on the 2012 return and seeks to carry back some portion of the loss to 2010, the year in issue.[4]

Discussion

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct,[5] and the taxpayer bears the burden of proving that the determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioner did not allege or otherwise show that section 7491(a) applies. See sec. 7491(a)(2)(A) and (B). Therefore, petitioner bears the burden of proof. See Rule 142(a).

The Court may consider facts relating to tax for years that are not otherwise within the Court's jurisdiction where necessary to correctly redetermine the amount of the tax deficiency for any year properly before the Court. See sec. 6214(b). In particular, in redetermining the amount of a deficiency for a taxable

---

[4]The record is somewhat incomplete in that respondent refers to a second Form 1040X which is not made part of the record. Further, petitioner does not make clear the extent to which he seeks to carry back the claimed casualty loss to 2010 or any other year. For reasons discussed infra, we need not make any findings with respect to these matters.

[5]To the extent respondent determined omitted income, the presumption of correctness does not play any role in our decision.

year before the Court, we may decide the correct amount of a net operating loss carryover or carryback claimed with respect to the year in issue, notwithstanding that the loss arose in a year that is not within the Court's jurisdiction. Calumet Indus., Inc. v. Commissioner, 95 T.C. 257, 274-275 (1990).

As a general rule, section 165(a) allows as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. In the case of an individual, however, section 165(c) limits the deduction to: (1) losses incurred in a trade or business; (2) losses incurred in any transaction entered into for profit; and (3) losses of property not connected with a trade or business or with a transaction entered into for profit if such losses arise from fire, storm, shipwreck, or other casualty, or from theft.

A loss is "treated as sustained during the taxable year in which the loss occurs as evidenced by closed and completed transactions and as fixed by identifiable events occurring in such taxable year." Sec. 1.165-1(d)(1), Income Tax Regs.; see also sec. 1.165-1(b), Income Tax Regs. However, if there exists a claim for reimbursement with respect to which there is a reasonable prospect of recovery, no portion of a loss with respect to which reimbursement may be received is "sustained" until it can be ascertained with reasonable certainty

whether such reimbursement will be received. Sec. 1.165-1(d)(2)(i), Income Tax Regs.

For "eligible losses" an individual may carry back a net operating loss to each of the three taxable years preceding the taxable year of such loss. Sec. 172(b)(1)(A)(i), (F)(i). An eligible loss includes a loss arising from fire. Sec. 172(b)(1)(F)(ii)(I).

The parties stipulated to the authenticity of various documents relating to the personal property destroyed by the fire and the purported value of each item. Petitioner also testified as to the values of certain items and asserted that the appraiser's valuations were inaccurate and did not represent the fair market values. We need not delve into the issues of (1) whether petitioner substantiated the amount of the loss or (2) whether he made a proper carryback claim since we conclude that he is not otherwise entitled to the claimed casualty loss deduction.

Petitioner made clear during the trial of this case in 2015 that legal proceedings were being pursued against the landlord and the landlord's insurance company. Thus, in 2012, the year of the fire, and at the time of trial there existed a claim for reimbursement which petitioner was actively pursuing. The statute and the regulations are clear that a loss is not considered "sustained" until it can be ascertained with reasonable certainty whether such reimbursement will be

received.  Sec. 1.165-1(d)(2)(i), Income Tax Regs.  A casualty loss is not recognized in the year of actual occurrence if there exists at that time a reasonable prospect of recovery on a claim for reimbursement.  The settlement, the adjudication, or the abandonment of the claim ordinarily constitutes the event sufficient to render the loss "sustained" with the meaning of section 165.  Hudock v. Commissioner, 65 T.C. 351, 360 (1975).  Petitioner's claim for reimbursement from the fire was not resolved in 2012.  In fact, at the time of trial in early 2015, petitioner was involved in the litigation seeking reimbursement for the claimed loss from the 2012 fire.  We conclude that petitioner sustained no loss 2012 evidenced by a closed and completed transaction.

On the basis of the foregoing we conclude that petitioner is not entitled to the claimed casualty loss deduction and cannot carry back the claimed loss to 2010.  Respondent's determination in the notice of deficiency, which petitioner conceded, is sustained, and petitioner's claim for a carryback loss deduction is denied in full.

We have considered the parties' arguments and, to the extent not discussed herein, we conclude the arguments to be irrelevant, moot, or without merit.

To reflect the foregoing,

Decision will be entered

for respondent.